UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
ROBERT POLLAS,

          Plaintiff,

          -against-

UNITED PARCEL SERVICE, INC.,

          Defendant.

----------------------------------------------------------------x

22-CV-10207 (PGG) (OTW)

**ORDER**

**ONA T. WANG**, **United States Magistrate Judge**:

The Court has reviewed ECF Nos. 7 and 8.

**I.    Defendant's Motion for a More Definite Statement (ECF 8)**

"Motions for a more definite statement are generally disfavored because of their dilatory effect. The preferred course is to encourage the use of discovery procedures to apprise the parties of the factual basis of the claims made in the pleadings." *In re Methyl Tertiary Butyl Ether ("MTBE") Prod. Liab. Litig.*, 233 F.R.D. 133, 134–35 (S.D.N.Y. 2005) (internal quotations omitted). Thus, "a motion pursuant to Rule 12(e) should not be granted unless the complaint is so excessively vague and ambiguous as to be unintelligible and as to prejudice the defendant seriously in attempting to answer it." *Toliver v. City of New York*, No. 10-CV-5806 (SHS) (JCF), 2012 WL 6849720, at *9 (S.D.N.Y. Sept. 25, 2012), *report and recommendation adopted*, No. 10-CV-5806 (SHS), 2013 WL 146088 (S.D.N.Y. Jan. 14, 2013).

Defendant claims that *pro se* Plaintiff's Complaint is "unintelligible as to what specific causes of action Plaintiff seeks to litigate against UPS and the theory by which UPS is purportedly responsible for the same." (ECF 7 at 4). In his Declaration in Support of his Motion

to Remand, Plaintiff states that he "was assaulted injured and being called a fagot [sic] nor any kind of support from UPS instead they are using their total power to challenge every legal action that i take while holding on to every video of the crimes or hate crimes because their manager has a longer history of abusing and traumatizing me […]." (ECF 8 at 7). Additionally, Plaintiff states that Defendant "refuses to help stop the crimes […]." (ECF 8 at 9). Plaintiff further identifies the individuals who engaged in the allegedly unlawful conduct. (ECF 8 at 8-9). Plaintiff has therefore provided the additional legal and factual detail that Defendants claim was missing from Plaintiff's original Complaint, and this detail is not so vague and ambiguous that Defendants are seriously unable to answer Plaintiff's allegations. ECF 8 is accordingly **DENIED** as moot. *See Remy v. NYS Dep't of Tax'n & Fin.*, No. 09-CV-4444 (SJF) (AKT), 2010 WL 3925184, at *19 (E.D.N.Y. Aug. 18, 2010), *report and recommendation adopted*, No. 09-CV-4444, 2010 WL 3926919 (E.D.N.Y. Sept. 29, 2010), *aff'd sub nom. Remy v. New York State Dep't of Tax'n & Fin.*, 507 F. App'x 16 (2d Cir. 2013) (finding that the allegations set forth in the complaint were not so vague and ambiguous that defendants could not frame a responsive pleading).

## II. Plaintiff's Motion to Remand (ECF 7)

In the Declaration attached to his Motion to Remand, Plaintiff includes in the caption the names of two coworkers who he alleges assaulted and harassed him. The Complaint filed in state court (ECF 1-1) names these two coworkers and details acts of assault and harassment by them at the workplace. In Plaintiff's Motion to Remand, he additionally alleges that "their manager has a longer history of abusing me and traumatizing me." (ECF 8 at 7). Plaintiff further contests diversity jurisdiction by alleging, "me and my abusers all reside in NYC." (ECF 8 at 7).

Although these two individuals are not listed in the caption of Plaintiff's original Complaint, he names them in the caption of his Declaration in support of remand, and the Complaint and Motion to Remand detail numerous acts by these employees and others.

Where a party appears pro se, "courts must construe pro se pleadings broadly and interpret them to raise the strongest arguments that they suggest." *Torres v. Carry*, 800 F. Supp. 2d 577, 582 (S.D.N.Y. 2011) (internal citations omitted and quotations omitted). The Court construes Plaintiff's Motion to Remand to include a motion to amend to add certain New York residents as defendants.[1] Accordingly, if Plaintiff intends to amend his Complaint to add some or all of the individuals named or discussed in the Complaint, Motion to Remand, and Declaration in support of remand, he is directed to file an amended complaint that names any individuals he intends to add as defendants. Plaintiff is directed to file his amended complaint by **February 24, 2023**. The Court defers ruling on the motion to remand until after Plaintiff has filed his amended complaint.

The Initial Case Management Conference previously scheduled for Wednesday, March 8, 2023 is adjourned *sine die.* The Clerk of Court is respectfully directed to close ECF 8.

**SO ORDERED.**

Dated: January 31, 2023
New York, New York

_s/ Ona T. Wang_
**Ona T. Wang**
United States Magistrate Judge

---

[1] The Court notes that if Plaintiff were to amend his Complaint to add his coworkers as Defendants, the federal court would no longer have diversity jurisdiction over the case. *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978) ("[D]iversity jurisdiction does not exist unless each defendant is a citizen of a different State from each plaintiff").