```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 2/7/2025
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ROBERT POLLAS,

      Plaintiff,

-against-

UNITED PARCEL SERVICE, INC.,

      Defendant.

22-CV-10207 (MMG)

**ORDER OF REMAND**

MARGARET M. GARNETT, United States District Judge:

  "[S]ubject matter jurisdiction is an unwaivable *sine qua non* for the exercise of federal judicial power," *Curley v. Brignoli, Curley & Roberts Assocs.*, 915 F.2d 81, 83 (2d Cir. 1990), and the Court has an independent obligation at all stages of a case to ensure that it has subject matter jurisdiction. Consistent with that proposition, Rule 12(h)(3) of the Federal Rules of Civil Procedure provides that "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12.

  In this case, Defendant United Parcel Service, Inc. ("UPS") removed this action from the Supreme Court of the State of New York on the basis of diversity of citizenship pursuant to 28 U.S.C. §§ 1332 and 1441. *See* Dkt. 1. On December 2, 2022, Judge Paul G. Gardephe, the District Judge formerly assigned to this matter, referred this mater to Magistrate Judge Ona T. Wang for General Pretrial supervision. *See* Dkt. No. 5. On December 23, 2022, Plaintiff *pro se* Pollas moved for remand, *see* Dkt. No. 8, and Judge Gardephe amended the order of reference to include a Report and Recommendation on Mr. Pollas' motion for remand. *See* Dkt. Nos. 13, 14.

  Shortly thereafter, Mr. Pollas indicated that he intended to file an amended complaint to add his former coworkers as additional Defendants. *See* Dkt. No. 20. Judge Wang subsequently informed Mr. Pollas on multiple occasions that amending his complaint to add these additional Defendants would destroy diversity jurisdiction and would necessitate this case's remand to state Court. *See* Dkt. Nos. 23, 25, 34. On August 6, 2024, Judge Wang held an in-person status conference with the parties wherein Mr. Pollas reiterated his intent to amend the Complaint to add additional Defendants and to seek remand to state court. *See* Dkt. Nos. 40, 46.

  The same day, Mr. Pollas filed an Amended Complaint adding Ismael Noudsford and Kenya Taylor as Defendants, both of whom are citizens of New York. *See* Dkt. No. 41 at 4. UPS does not dispute the citizenship of Defendants Noudsford and Taylor. *See* Dkt. No. 54 ("[T]he last known addresses for the two co-defendants added in Plaintiff's amended complaint are in the state of New York.").[1] The addition of Defendants Noudsford and Taylor, therefore, destroys diversity of citizenship between the parties. A review of the notice of removal, the

---

[1] UPS nonetheless opposes remand, including by pointing to the *pro se* Plaintiff's checking of a box indicating "diversity" as the basis for federal jurisdiction when filing his Amended Complaint. *See* Dkt. No. 54.

2

Amended Complaint, and the remainder of the docket in this action reveals no remaining basis for subject matter jurisdiction.

      Accordingly, the case is hereby REMANDED to New York Supreme Court, Bronx County, without prejudice.  Any pending motions are moot, and any conferences are canceled. The Clerk of Court is respectfully directed to remand this case to New York Supreme Court, Bronx County, and CLOSE the case.

Dated: February 7, 2025
       New York, New York

SO ORDERED.

_____
MARGARET M. GARNETT
United States District Judge